IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| TRAVIUS NORMAN, : | |
| : | |
| Plaintiff : | |
| : | NO. 7:14-cv-0137-HL-TQL |
| VS. : | |
| : | |
| Deputy Warden CALVIN ORR, et. al. : | |
| : | |
| Defendants : | |

## ORDER

Plaintiff Travious Norman, a state inmate currently confined at Valdosta State Prison, in Valdosta, Georgia, filed a *pro se* civil rights complaint in this Court seeking relief under 42 U.S.C. § 1983. After conducting a preliminary review of Plaintiff's Complaint, as required by 28 U.S.C. § 1915A(a), the Court found that Plaintiff failed to allege facts showing that Defendants acted with deliberate indifference to his safety. See Order, Sept. 3, 2014 (Doc. 5). Plaintiff thereafter filed a post-judgment motion to amend his complaint, which was fully considered, but denied by the Court as futile: Plaintiff's factual amendments, even when read in the light most favorable to Plaintiff, were still not sufficient to state an Eighth Amendment claim against Defendants. See Order, Sept. 23, 2014 (Doc.9).

Plaintiff has now filed another pleading in the Court which is construed to be a Rule 60 Motion for Relief from Judgment. See Fed. R. Civ. P. 60. Under Rule 60, "the court may relieve a party . . . from a final judgment, order, or proceeding" if the party can show (1) a "mistake, inadvertence, surprise, or excusable neglect"; (2) "newly discovered evidence . . ."; (3) "fraud . . .,

1

misrepresentation, or misconduct by an opposing party"; (4) that "the judgment is void"; (5) that "the judgment has been satisfied, released or discharged . . ."; or (6) "any other reason that justifies relief." Id. Plaintiff's Motion falls well-short of meeting the legal standard under Rule 60. Plaintiff does not identify any "mistake," "newly discovered evidence" or "fraud" that might warrant relief from judgment; nor does he show that the judgment is somehow void or allege any "extraordinary circumstances" which would justify a reopening of the case. See Booker v. Singletary, 90 F.3d 440, 442 (11th Cir. 1996) ("The vacation of a judgment under Rule 60(b)(6) is an extraordinary remedy.") (citing Ritter v. Smith, 811 F.2d 1398, 1400 (11th Cir.1987)).

Instead, Plaintiff simply repeats his previous allegations. Plaintiff again alleges that his injuries were incurred as a result of Defendants' failure to comply with the prison's standard procedures and posted regulations. Even if true, a violation of standard procedures – though possibly evidence of negligence – is not a basis for relief in an action under § 1983. See Taylor v. Adams, 221 F.3d 1254, 1259 (11th Cir.), *cert. denied*, 121 S. Ct. 774, 148 L.Ed.2d 673 (2001). ("failure to follow procedures does not, by itself, rise to the level of deliberate indifference because doing so is at most a form of negligence"). See also Coleman v. Terry, 5:11-CV-496-MTT-MSH, 2012 WL 6216749, at *4 (M.D. Ga. Nov. 20, 2012) *report and recommendation adopted*, 5:11-CV-496 MTT, 2012 WL 6212804 (M.D. Ga. Dec. 13, 2012) (failure to comply with standard procedure requiring officer to hold onto handcuffed inmate was not deliberate indifference); Collins v. Kellner, 5:12-CV-442 MTT, 2014 WL 991793, at *4 (M.D. Ga. Mar. 13, 2014) (violation of standard procedure requiring two officers to escort inmates did not rise to the level of deliberate indifference); Buckner v. Jones, 3:08CV481-CSC, 2009 WL 2136505, at *10 (M.D. Ala. July 15, 2009) (failure to follow jail procedures by leaving open the cell doors during a

routine headcount was not alone sufficient to establish deliberate indifference). "The mere fact that an assault occurred, [likewise], does not establish the requisite indifference to a prisoner's constitutional rights." Zatler v. Wainwright, 802 F.2d 397, 402 (11th Cir.1986).

The Court thus finds no error in its dismissal of Plaintiff's claims. Plaintiff's Rule 60 Motion is accordingly **DENIED**.

**SO ORDERED**, this 12th day of February, 2015.

*s/ Hugh Lawson*
Hugh Lawson, Judge
UNITED STATES DISTRICT COURT

jlr